## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 28 2019, 9:25 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Patrick Magrath
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James P. Maloney,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 28, 2019

Court of Appeals Case No.
69A01-1707-CR-1663

Appeal from the Ripley Circuit Court

The Honorable Jeffrey Sharp, Judge

Trial Court Cause No.
69C01-1609-F5-31

**Tavitas, Judge.**

## Case Summary

[1] James P. Maloney appeals his sentence, received pursuant to his guilty plea for battery, a Level 5 felony. We affirm.

## Issue

[2] Maloney raises one issue, which we restate as whether his sentence is inappropriate in light of the nature of the offense and Maloney's character.

## Facts

[3] Maloney and his wife, E.F.,[1] live in Ripley County. On September 2, 2016, Officer Kurt W. Enneking with the Ripley County Sheriff's Department responded to a call from one of the couple's neighbors. Officer Enneking found E.F. "crying and hysterical[] on the front porch" at the neighbor's home. Appellant's App. Vol. II p. 15. E.F. stated that Maloney "beat [her] bad[ly]" and that she "[didn't] want to get hit anymore." *Id.* Officer Enneking observed that E.F. had "red, swollen eyes, bumps on her head and arm[,] and a patch of hair missing from her forehead." *Id.* E.F. also displayed to Officer Enneking an "obvious bite mark with bruising on her right breast," as well as bite marks on E.F.'s arm and leg. *Id.* E.F. told Officer Enneking that Maloney bit her breast "so hard and he wouldn't stop," that her head and nose "hurt so bad," and that she wanted Maloney "to go to prison." *Id.*

---

[1] E.F. also identifies herself as "E.M.," her married name. We will use "E.F." for simplicity.

[4] On September 13, 2016, Maloney was charged with Count I, battery, a Level 5 felony.[2] A no contact order was entered the same day. On September 27, 2016, the State moved to add Count II, battery resulting in a serious bodily injury, a Level 5 felony; Count III, sexual battery, a Level 6 felony; and a habitual offender enhancement.[3] The trial court granted the State's motion on September 29, 2016.

[5] In October 2016, Officer Enneking was made aware that Maloney and E.F. were contacting one another "via recorded inmate calls from the Ripley County Jail." *Id.* at 89. During the call, Officer Enneking stated that Maloney told E.F. to "stay where [she is] at until this is over with and [Maloney] loves [her] and miss[es her]." *Id.* at 90. Maloney was then charged with Count IV, invasion of privacy, a Level 6 felony;[4] and Count V, attempted obstruction of justice, a Level 6 felony.[5]

---

[2] The charging information indicates Maloney's charge for this battery is against the same victim, E.F., as Maloney's prior battery conviction.

[3] The habitual offender enhancement information alleged that Maloney was previously convicted and sentenced for intimidation, a Level 5 felony, on March 24, 2016; and theft, a Class D felony, on January 16, 2008. Maloney filed a motion to dismiss the habitual offender enhancement because he believed the factual basis of the enhancement to be incorrect. The State did not object to Maloney's motion to dismiss because "further research shows defendant is ineligible for sentencing under the habitual offender statute." Appellant's App. Vol. II p. 84. The trial court granted Maloney's motion to dismiss the habitual offender enhancement on November 9, 2016.

[4] Maloney had a previous unrelated conviction for invasion of privacy.

[5] Counts IV and V were previously identified as Counts I and II under a separate cause number; however, the trial court joined all charges for trial. We refer to the counts as they were ultimately identified for simplicity.

[6] On December 9, 2016, the State added several charges, including Count VI, attempted invasion of privacy, a Level 6 felony; Count VII, attempted invasion of privacy, a Level 6 felony; Count VIII, attempted invasion of privacy, a Level 6 felony; Count IX, attempted obstruction of justice, a Level 6 felony; Count X, invasion of privacy, a Level 6 felony; Count XI, attempted obstruction of justice, a Level 6 felony; Count XII, invasion of privacy, a Level 6 felony; and Count XIII, attempted obstruction of justice, a Level 6 felony. Counts VI through XIII were based on allegations that Maloney attempted to contact E.F. on several occasions between October 4, 2016, and November 26, 2016,[6] and that Maloney used a "third party intermediary" to contact E.F. via telephone and to obtain E.F.'s new mailing address. *Id.* at 135.

[7] Maloney entered a guilty plea on June 13, 2017, for Count I, battery, a Level 5 felony. The remaining charges were dismissed.

[8] The trial court held a sentencing hearing on June 27, 2017. At the hearing, Maloney testified to his ongoing mental health issues, including a history of bipolar disease, a previous attempted suicide, and his drug addiction issues. Maloney also testified that he was remorseful for the actions he took against E.F., and that part of the couple's marital issues centered on E.F.'s drug use.[7]

---

[6] The charging informations are somewhat unclear on the dates that Maloney attempted to contact E.F. It appears that the charging informations have identified fifty-five separate occasions Maloney attempted to contact E.F. between October 4, 2016 and November 26, 2016.

[7] Maloney indicated that he and E.F. got into an argument after Maloney found a needle in E.F.'s laundry, which caused more problems for the couple. Maloney stated that E.F.'s drug problems then escalated despite Maloney's efforts to "really try[] to help this woman." Tr. p. 24.

Maloney stated that he accepted their relationship was over. Finally, Maloney stated that he has been working towards maintaining a clean and sober lifestyle, he has "a desire to change," and that he is also focused on continuing to work with the Department of Child Services on reunification with his children, which includes regular drug screens. Tr. p. 21.

[9] At sentencing, the trial court found as aggravating factors: (1) Maloney's criminal history; (2) Maloney has a "one hundred percent violation of probation" for each time Maloney has been placed on probation; (3) Maloney was on probation at the time of this offense; (4) this is Maloney's third domestic battery offense against E.F.; and (5) Maloney had a sanction for threatening a guard while he was incarcerated. *Id.* at 51. While the trial court "[didn't] deny" that E.F.'s drug addiction likely played into the domestic battery, the trial court acknowledged that Maloney could have simply walked away from the situation instead of committing a battery. *Id.*

[10] As mitigating factors, the trial court found that Maloney expressed remorse at sentencing, but believed that the "remorsefulness is diminished to a certain degree" based on Maloney's conflicting testimony regarding the reasons for his fights with E.F., and by Maloney's attempts to continue to contact E.F. *Id.* at 53. The trial court also considered, as a mitigating factor, that Maloney pleaded guilty; however, the trial court acknowledged that Maloney received a substantial benefit when the remainder of Maloney's initial thirteen counts were

dismissed.[8] Accordingly, the trial court found that the "aggravators clearly outweigh the mitigators," and sentenced Maloney to six years fully executed. *Id.* Maloney now appeals.

## Analysis

Maloney argues his sentence is inappropriate. Indiana Appellate Rule 7(B) provides that this court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this court that his or her sentence is inappropriate. *Wilson v. State,* 966 N.E.2d 1259, 1266 (Ind. Ct. App. 2012) (citing *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006)), *trans. denied*.

In Indiana, trial courts can tailor an appropriate sentence to the circumstances presented; the trial court's judgment receives "considerable deference." *Sanders v. State,* 71 N.E.3d 839, 844 (Ind. 2017) (quoting *Cardwell v. State,* 895 N.E.2d 1219, 1222 (Ind. 2008)). In conducting our review, we do not look to see whether the defendant's sentence is appropriate or "if another sentence might be *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Sanders,* 71 N.E.3d at 844 (citing *King v. State,* 894 N.E.2d 265,

---

[8] The trial court acknowledged that Maloney "has taken responsibility for his actions and pleaded to the Court with sentencing at the discretion of the Court with no plea agreement"; however, the trial court acknowledged that Maloney still received the substantial benefit of dismissed charges. Tr. p. 53.

268 (Ind. Ct. App. 2008)).  The principal role of appellate review is to attempt to "leaven the outliers."  *Cardwell,* 895 N.E.2d at 1225.

[13]    We look to the statutory ranges established for the classification of the offense. Maloney pleaded guilty to battery, a Level 5 felony.  The sentence for a Level 5 felony ranges from one to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b).  Here, the trial court imposed a six-year sentence.

[14]    We first review the nature of Maloney's offense.  Maloney battered E.F., leaving injuries including a patch of missing hair, bite marks on E.F.'s breast, arm, and leg, as well as bumps on E.F.'s head and arms.  This is not Maloney's first conviction for battery against E.F.  During E.F.'s meeting with Allen Benecker, the victim's coordinator at the Ripley County Prosecutor's Office, E.F. told Benecker that the violence was common and ongoing.

[15]    Next, we consider Maloney's character.  As evidenced by our Supreme Court's opinion in *Brown v. State,* 10 N.E.3d 1, 8 (Ind. 2014), trial courts may consider several factors when sentencing defendants, but on appellate review, we "focus on the forest—the aggregate sentence—rather than the trees."  *Brown,* 10 N.E.3d at 8 (quotations omitted).  Maloney's lengthy criminal history does not reflect well upon his character.  Maloney has juvenile adjudications for minor consumption of alcohol, a Class C misdemeanor; an act that would be considered criminal mischief if committed by an adult, a Class B misdemeanor; and an act that would be considered operating a vehicle while intoxicated endangering a person if committed by an adult, a Class A misdemeanor.

[16] As an adult, Maloney's numerous convictions include minor consumption of alcohol, a Class C misdemeanor; intimidation, a Class A misdemeanor; theft, a Class A misdemeanor; resisting law enforcement, a Class A misdemeanor; possession of marijuana, a Class A misdemeanor; conspiracy to commit theft, a Class D felony; conversion, a Class A misdemeanor; possession of paraphernalia, a Class A misdemeanor; operating a vehicle while intoxicated endangering a person, a Class A misdemeanor; invasion of privacy, a Class A misdemeanor; intimidation using a deadly weapon, a Level 5 felony; domestic battery, a Class A misdemeanor; invasion of privacy, a Level 6 felony; domestic battery, a Class A misdemeanor; obstruction of justice, a Level 6 felony; and invasion of privacy, a Level 6 felony. According to the pre-sentence investigation report ("PSI"), Maloney has also "been found to be in violation of his probation at least fifteen times in the past." Appellant's App. Vol. III p. 12. As the trial court noted, it appears that Maloney has violated his probation each time he has been on probation. Maloney was on probation when he committed the instant offense.

[17] Maloney argues that his previous convictions for battery against E.F. "were already taken into account by the enhancement of Maloney's charge to a level 5 felony," and that, "[o]utside of the tumultuous relationship with [E.F.], Maloney had no substantial history of violent behavior or conduct." Appellant's Br. p. 12. We disagree. Specifically, Maloney has exhibited

behavioral issues while he has been incarcerated.[9] Maloney had an altercation with a prison guard after the guard told Maloney to make his bed, and Maloney asked the guard to shut the window, to which Maloney felt the guard "got an attitude." Tr. p. 27.

[18] Maloney struggles to follow directions while he is on probation and even while incarcerated, which does not bode well for his character. While we commend Maloney for his attempts at sobriety, Maloney has failed to prove his sentence is inappropriate. The trial court did not abuse its discretion in sentencing Maloney to six years executed.

## Conclusion

[19] Maloney has failed to prove his sentence is inappropriate. We affirm.

[20] Affirmed.

Crone, J., and Bradford, J., concur.

---

[9] The date that Maloney received a write-up for his altercation with the prison guard was unknown, but the PSI indicates that he "is currently serving an executed sentence at the Putnamville Correctional Facility and reported he has been sanctioned one time for threatening prison staff." Appellant's App. Vol. III p. 14.